IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02554-RPM

MARIE K. JOHNSON,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.
_____

ORDER OF REVERSAL AND REMAND
_____

        On September 8, 2003, Marie K. Johnson filed an application for Social Security disability benefits alleging disability beginning on June 9, 2000, due to disc herniation, cervical strain, right shoulder strain, migraine headaches, dizziness, chronic parascapular pain, thoracic strain, right temporal throbbing, vision disturbance, right shoulder rotator cuff problem, right hip bursitis, and left hip deltoid bursitis. (Record, p. 83). Her claims were initially denied. A hearing was held on January 19, 2005, and the Administrative Law Judge ("ALJ") issued an unfavorable decision on March 8, 2005. Upon claimant's request for review, and upon the receipt and acceptance of additional medical records, the Appeals Council determined there was no basis for changing the ALJ's decision, and that decision is the Commissioner's final decision. (Record, pp. 8-12).

        The ALJ found claimant had "severe impairment from the combined effects of neck, upper back with myofascial pain and shoulder strain and impingement" (Record,

p. 23); "severe impairments from seizures and/or dizziness" (Record, p. 25); "headaches and eye pain do not occur frequently and are generally not severe enough to interfere significantly with her ability to perform normal work functions...the headaches and eye pain are less than severe" (Record, p. 26); "less than severe impairment from the hip pain" and "no medically determinable impairment from the left elbow condition" (Record, p.27): "abdominal pains are related to varying causes, and do not meet the 12 month duration requirements for severe impairment" (Record, p. 28); and "less than severe impairment from depression" (Record, p.28). The ALJ determined that the medical impairments did not meet or equal one of the listed impairments.

At Step 4 of the sequential analysis, the ALJ found that claimant was unable to perform her past relevant work as a lumber truck driver. (Record, p. 33). The ALJ determined that Ms. Johnson had the residual functional capacity to perform a significant range of light and sedentary work. (Record, p. 33 ¶ 11). The ALJ relied on the testimony of a vocational expert to conclude that claimant had the residual functional capacity to work as a private dispatcher, an information clerk, an automatic film developer and a storage facility rental clerk. The ALJ relied on his assessment of the credibility of the claimant's complaints of pain to her treating physicians and to a consultative examining physician in rejecting their opinions and accepting the evaluation made by a medical records reviewer. That was legal error requiring reversal and remand for further consideration.

The ALJ's reliance on the opinion of the vocational expert was unwarranted because the hypothetical questions disregarded the limitations reported in the doctors' opinions.

Two treating doctors opined that Marie Johnson was disabled. First, Dr. Mandell wrote on November 18, 2003, "I do not feel that she [Johnson] can adequately participate in employment at this time." (Record, p. 384). Second, on September 29, 2004, Dr. Gentile reported that Ms. Johnson had been coming for treatment at a clinic since September 13, 2001, summarized findings from those clinic records and diagnostic tests, and concluded: "I believe at this time, she [Johnson] is completely disabled secondary to very poor pain control." (Record, p. 419).

After a review of Ms. Johnson's available medical records, without conducting a physical examination, a state agency physician, Dr. Ketelhohn, determined on December 2, 2003, that claimant retained the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours and sit for six hours in an eight hour workday, and that she was not limited in her ability to push and pull using hand and/or foot controls. This records reviewer found that plaintiff was limited in reaching due to neck pain, and that "due to possible syncopy avoid height and working around hazardous machinery and driving for a living." (Record, p. 375).

The claimant was referred to Dr. Maisel for a Social Security Disability physical examination on December 11, 2004. Dr. Maisel observed that Johnson had "a slow, halting, antalgic gait with a slight limp favoring the right side. (Record, p. 410). He noted that she limits her range of motion due to complaints of pain. He noted that Johnson "has difficulty with balance and attempting to walk heel-to-toe and wobbles and

almost falls....She cannot walk placing heel-to-knee because of balance problems without external support." (Record, p. 413). Dr. Maisel reported that Ms. Johnson could stand and walk less than two hours and sit less than six hours in an eight-hour day, limiting her to less than sedentary work. 20 C.F.R. § 1567(a).

The ALJ wrote:

> I give less weight to the opinion of the consultative physician, as he did not have records to verify the claimant's allegations and statements, and those statements, as already shown, were not accurate. Nor do I give significant weight to the opinion of the treating physicians who opined that the claimant was disabled. I believe a review of the entire records would have weakened their opinion in that regard. I give significant weight to the agency assessment, which is based on an overview of the medical records. However, because of the objective evidence of cervical herniation and persistent neck, back, and shoulder symptoms, I find the claimant's capacity for reaching is occasional, rather than frequent, a found by the agency expert. Because of the questionable seizures with possible syncope and dizziness with equivocal EEG findings in the frontal area where her symptoms on 6/19/00 first appeared, I find that the claimant should avoid hazards, such as open machinery and unprotected heights.

(Record, p. 31).

The ALJ failed to note that the records examined by the agency medical reviewer were those available before December 3, 2003. The consultative examination was a year later.

The claimant testified extensively at the hearing about her pain levels and the limitations from pain on her daily activities. (Record, pp. 509-538). The ALJ did not give credence to that testimony.

The ALJ accepted that claimant's underlying impairments were established by objective medical evidence but rejected that such impairments result in the degree of limitation in Ms. Johnson's complaints to her physicians and her testimony at the

4

hearing, concluding that "I find the credibility of the claimant's subjective complaints (and allegedly related functional limitations) to be poor." (Record, p. 29).

It was error for the ALJ to discount medical opinions of treating and examining physicians based on his own assessment of the credibility of the claimant's statements to those doctors. As the Tenth Circuit Court of Appeals said in *McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002): "Although we may not second-guess an ALJ's credibility judgments, such judgments by themselves 'do not carry the day and override the medical opinion of a treating physician that is supported by the record.'"

The ALJ wrote: "She alleges all kinds of problems when she is seeking help from her doctors to get disability, which are rarely or never mentioned when she goes for treatment....She describes her seizures differently to different examiners. She told an ER doctor it was buzzing in her head for two hours. She told the neurological specialist it was dizziness, neck pain, and lightheadedness with visual changes..." (Record, pp. 29-30). The reports of those doctors did not suggest malingering. Their opinions considered the claimant's impairments in combination. Apparently, the ALJ did not.

The hypothetical question posed to the Vocational Expert ("VE") did not adequately take into consideration the weight of the medical evidence and the limitations to claimant as a result of her conditions and pain. The VE was asked to assume that "[T]his person would be restricted to the light exertional level." Nothing in the record suggests claimant is capable of light work. The consultative physician determined the claimant was limited to carrying less than 10 pounds, frequently lifting less than 10 pounds, standing and walking less than 2 hours in an 8 hour workday and sitting less than 6 hours in an 8 hour workday, with limited use of upper and lower

5

extremities. (Record, pp. 415-16). (20 C.F.R. §§ 404.1567 and 416.967 defining physical exertion requirements). The VE testified that if he considered the claimant's testimony credible, her pain would prevent any substantial gainful employment.

Upon the foregoing, it is

ORDERED that the decision denying disability is reversed and this matter is remanded to the Commissioner to give further consideration to the application of Marie K. Johnson.

DATED: October 6th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge